## Board of Supervisors v. Commissioners of Highways.

1. BRIDGES—*When and How Townships May Secure Aid in Constructing.*—The circumstances under which, and the method by which, townships may secure aid in the construction of bridges are specifically prescribed by statute (R. S., Ch. 121, Sec. 19), and there is no other way. The statute requires that the commissioners of highways present a petition setting forth certain prescribed facts, which are all alike essential to the right. When all the prescribed facts are made to appear by the petition the supervisors must act, but until this is done they are not bound or empowered to apply county funds to such use.

**Mandamus.**—Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 19, 1896.

J. MEEKER, State's attorney, and R. M. PEADRO, attorneys for appellant.

W. G. COCHRAN and W. P. GUTHRIE, attorneys for appellees.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was a petition by the commissioners for a writ of mandamus to compel the board of supervisors to make appropriations in aid of the construction of two bridges over streams in their township and in the line of a public highway, to the amount of $1,250, being one-half of the estimated cost of said bridges.

To the petition is attached and made part thereof what it alleges to be a copy of the petition presented by them to the board of supervisors for the aid sought. On demurrer thereto sustained it was amended in some particulars, but as amended did not include a copy of the petition to the board or otherwise show its contents. In respect to that petition it avers only that on September 11, 1895, they did " present to the board of supervisors of said county, then in

regular session, a petition in pursuance with law asking said board of supervisors to make an appropriation to the amount of $1,250, one-half of the amount necessary to build said bridges; that said supervisors then and there refused," etc.

The board filed an answer averring that no petition was ever presented to them by the commissioners, by which it was made known, or to appear, that the levy for the road and bridge tax for two years last past in the township was in each year for the full amount of forty cents on the $100, allowed by law for the commissioners to raise, the major part of which was needed for ordinary repairs of roads and bridges; and that no knowledge, information or evidence whatever, other than that shown by and contained in the petition that was presented, which they are ready to produce in court, and a copy of which is attached as an exhibit to the answer and made part thereof—was made manifest, given or produced by the said commissioners to said supervisors.

The copy so attached is a duplicate of the alleged copy attached to the original petition herein.

On motion of petitioners the court ordered that the answer be stricken from the files, to which order respondents excepted, and making no further or other answer, judgment was rendered against them and the writ awarded as prayed; and having excepted to it also they took this appeal.

How the aid here sought may be obtained is specifically prescribed by the statute (R. S., Ch. 121, Sec. 19), and hence there is no other way. It is by petition of the commissioners presented to the supervisors, if in session, or their chairman if not, setting forth certain prescribed facts which would show that the township needs and deserves it. They are all alike essential to the right. The legislature has not classified them according to any supposed relative importance. If any one may be omitted so may any other. When all are made to appear by the petition the supervisors must act—make the appropriation, or refuse at the peril of coercion by mandamus. But until so made to appear, we

apprehend they are not bound nor empowered to apply county funds to such use.

Among these facts is " that the levy of the road and bridge tax for the two years last past in the town was in each year for the full amount of forty cents on each one hundred dollars allowed by law for the commissioners to raise," the plain purpose of which was to show that the town was not in fault for its need of the aid asked.

This was not alleged, nor even inferentially shown in the petition presented to the supervisors, as certainly appeared by the copy exhibited with the original petition herein. Its omission was one of the stated causes for the demurrer sustained thereto. The amended petition—which was rather a substitute—sought to evade this objection arising on the face of the original, by leaving off the copy so exhibited, and making the omitted allegation for the first time in the amended petition to the court. This was a confession of the defect in the original and of its materiality. But since it did not affirmatively appear in it as amended, the respondents were required to answer or plead.

Their answer denied that the petition to the supervisors in any manner showed the road and bridge tax for two years then last past in the town was in each forty cents on each $100, or that they had any knowledge, information or evidence in relation to it other than was contained in or given by the petition, making profert of the one they did present and attaching a copy thereof, which was a duplicate of the one attached to the original petition herein.

It is contended for the commissioners that with the averment in the amended petition herein a case was made which entitled them to the aid sought. But whether so or not, is not the question here. As an original application to the court, if the court could entertain it as such, it might be sufficient. But the court had no power to grant it. The board of supervisors alone could make the appropriation. The court could compel them to make it if they refused to do so upon a proper showing and request to them. So that the question here is whether the petition to the court showed a proper

case and request first made to the supervisors. If not, they are not in default as to any duty in the premises, and therefore not liable to a mandamus.

The answer averred that the case so made to the board was not such, and clearly stated wherein it was claimed to be insufficient. We think it was a good answer; but if not, having been filed regularly, and being in no sense scandalous or offensive to decency, upon what legal ground or idea it was stricken from the files without opportunity given either to defend or to amend it, we are at a loss to understand. For the error in so doing the judgment will be reversed and the cause remanded.